Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 7341 | **DATE** | 11/22/2010 |
| **CASE TITLE** | Lockett vs. Sheneater Better Brace | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's complaint [1] is dismissed without prejudice. Plaintiff has thirty days from the date of this order in which to file an amended complaint if he believes that he can maintain a claim.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

Before the Court is Plaintiff Charles Henry Lockett's motion for leave to proceed *in forma pauperis* [4] and for appointment of counsel [5]. Congress has directed the courts to perform a preliminary review of a complaint that is filed along with a motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(e)(2)(B)(ii). In connection with that review function, a case must be dismissed "if the court determines that the action or appeal fails to state a claim on which relief may be granted." *Id*.

In his complaint [1], Plaintiff claims that an address "203 N. Waller Ave." in Chicago has mysteriously appeared on his Experian credit report—Plaintiff has never lived at or rented an apartment at the address and is not associated with it in any way. Plaintiff asks the Court for damages and to order Defendant "Sheneater Better Brace" to remove the address from Plaintiff's credit report. Plaintiff alleges that jurisdiction is based on the "FCRA of 1971," which the Court takes to mean the "Fair Credit Reporting Act," 15 U.S.C. § 1681 et seq., enacted in 1971.

Even under the generous reading of complaints accorded to *pro se* litigants, Plaintiff's complaint fails to state a claim under the FCRA. The Court is completely in the dark as to who "Sheneater Better Brace" is and what its relationship it purportedly has to the address that appeared on Plaintiff's credit report.

If Plaintiff is complaining about information that Defendant provided to Experian, Plaintiff's claim likely would be barred. Section 1681(s-2) of the FCRA does impose a duty on those who furnish information to consumer reporting agencies to provide accurate information. However, "Section 1681 s-2(c) specifically exempts violations of Section 1681 s-2(a) from private civil liability; only the Federal Trade Commission can initiate a suit under that section." *Lang v. TCF Nat'l Bank, et al.*, 338 Fed. Appx. 514, 544 (7th Cir. 2009) (citations omitted). Accordingly, private citizens (such as Plaintiff) cannot sue under this section of the statute.

| STATEMENT |
|---|

Private citizens can sue under other provisions of the FCRA. For example, § 1681i(a)(1)(A) provides:

> if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

A credit reporting agency that negligently violates the FCRA is potentially liable for "actual damages," costs, and attorneys' fees. 15 U.S.C. s. 1681o. Plaintiff must show that he "suffered damages as a result of the inaccurate information." *Ruffin-Thompkins v. Experian Info. Solutions, Inc.*, 422 F.3d 603, 608 (7th Cir. 2005). "Without a causal relation between the violation of the statute and the loss of credit, or some other harm, a plaintiff cannot obtain an award of actual damages." *Id.* (internal quotation marks omitted).

If Plaintiff intends to sue under this provision, the complaint is clearly deficient. Plaintiff fails to allege, for example, that Defendant was a reporting agency, that he has notified the agency of the inaccuracy in the credit report, or that he suffered damages.

For the foregoing reasons, Plaintiff's complaint [1] is dismissed without prejudice. Plaintiff has thirty days from the date of this order in which to file an amended complaint if he believes that he can maintain a claim.

*[signature]*